UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

VALIANT LEON WHITE,

        Plaintiff,                      Case No. 2:24-cv-211

v.                                          Honorable Robert J. Jonker

BRIAN RONALD SMITH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has paid the full filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to follow the Federal Rules of Civil Procedure and the Court's orders.

## Discussion

**I.    Factual Allegations and Relevant Litigation History**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. The events

about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF personnel: Librarian Brian Ronald Smith; Corrections Officers Sheri Newcomb, Unknown Bosbous, and Unknown Trotter; Deputy Warden/Warden Connie Horton; Assistant Deputy Warden/Deputy Warden/Warden James Corrigan; Classification Directors Unknown Ledford and Unknown McDonald; Grievance Coordinator M. McLean; and Resident Unit Manager Unknown Lacrosse. Plaintiff sues the Defendants in their respective individual and official capacities.

Plaintiff's complaint recounts a series of incidents beginning in mid-January 2022 and continuing through the first week in April 2022. On January 12, 2022, the outside "wind chill" was 25 degrees below zero. (Compl., ECF No. 1, PageID.7.) Plaintiff, who was working in the law library, turned on "both heaters" and pulled his chair over to a heater to stay warm. (*Id*.) Defendant Librarian Smith advised Plaintiff that he could not sit by the heater and that he had to sit facing the counter. (*Id*.) Plaintiff advised Defendant Smith that making Plaintiff sit by the counter was oppressive and inhumane. (*Id*.) Plaintiff told Defendant Smith that if he continued to oppress Plaintiff and treat him inhumanely, Plaintiff would file a grievance against him. (*Id*.)

Plaintiff reports that Defendant Smith, in response, stated "[w]e're tired of all these lawsuits you've filed on us." (*Id*.) Smith then wrote—or as Plaintiff characterizes it, "forged,"— an unfavorable work evaluation. (*Id*.) Plaintiff quotes the "false" evaluation at some length.[1] (*Id*., PageID.8.)

---

[1] Plaintiff also attaches the work evaluation to his complaint. (ECF No. 1-1, PageID.25.) The Court may consider documents that are attached to a pro se complaint when considering whether the complaint states a claim upon which relief should be granted. *See, e.g., Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to [plaintiff]'s complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)); *Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District

Nine days later, at 8:15 a.m., Plaintiff proceeded to the library for his work assignment. (*Id*.) As he walked by the office, Defendant Newcomb "continuously stalked, starred [sic] at plaintiff," and followed directly behind Plaintiff to the library entrance. (*Id*.)

At 8:40 a.m., Defendant Newcomb allowed maintenance workers into the library to repair typewriters. (*Id*.) Later, Defendant Newcomb entered the library and told the workers to stop working and leave the building. (*Id*., PageID.9.) Defendant Newcomb then ordered Plaintiff to empty his pockets and escorted Plaintiff to the "programs office" for a shake down, stating, "I'm going to get you fired today[.] What did the maintenance workers pass you?" (*Id*.) Eventually, Defendant Newcomb ordered Plaintiff back to his work assignment but began asking library staff to terminate that assignment. (*Id*.) Plaintiff notes that Defendant Newcomb took no disciplinary action against a white maintenance worker named "Brian." (*Id*.)

When Defendant Smith later arrived at the library, Defendant Newcomb blocked his entry, telling Smith that she intended to write Plaintiff a misconduct for possession of contraband but that it was up to Defendant Smith to raise the issue with "classification" to ensure that Plaintiff's assignment was terminated. (*Id*.)

Defendant Smith raised the issue with "classification" by telephone. (*Id*., PageID.13.) Plaintiff does not know which classification director Defendant Smith spoke with, so he names both Classification Directors Ledford and McDonald as Defendants. (*Id*.) Defendants Smith and

---

of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16-1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim). The Court will generally accept as true the statements that Plaintiff makes in the documents he has attached to the complaint. The Court will generally not accept as true statements made by others in the documents that Plaintiff attaches to the complaint, except to the extent that Plaintiff relies on the truth of those statements in his complaint.

3

Newcomb then again accompanied Plaintiff to the programs office, shook down Plaintiff a second time, ordered Plaintiff to return to his housing unit, and advised Plaintiff that his assignment in the library was terminated. (*Id.*)

Plaintiff then describes Defendant Newcomb's history of stalking and harassing Plaintiff, dating back to 2017. (*Id.*, PageID.10–13.) Plaintiff alleges that the harassment began upon his arrival at URF and was motivated by racial and religious animus as well as a desire to retaliate against him because of his reputation for filing civil suits. (ECF No. 1, PageID.19–20.) Indeed, Plaintiff has sued Defendant Newcomb for that "history" before. *See White v. Perron* (*White/Newcomb I*), No. 2:20-cv-247 (W.D. Mich.); *White v. Newcomb* (*White/Newcomb II*), No. 2:21-cv-249 (W.D. Mich.).

In *White/Newcomb I*, the Court dismissed Plaintiff's claims against Defendant Newcomb without prejudice on preliminary review because Plaintiff had misjoined Defendant Newcomb, as well as six other Defendants. *White/Newcomb I*, (Order, ECF No. 4, PageID.154). The Court also dismissed, for failure to state a claim, Plaintiff's complaint against two of the five properly joined defendants. *Id.*, (Op., ECF No. 3, PageID.152–153). The case continued against the three remaining defendants. *Id.* It was eventually settled. *Id.*, (Order, ECF No. 111, PageID.865).

On December 16, 2021, Plaintiff refiled the claims against Defendants Newcomb, Corrigan, and McLean (and others)—the claims that had been dismissed without prejudice as misjoined in *White/Newcomb I*—in a new suit: *White/Newcomb II*. *White/Newcomb II*, (Compl., ECF No. 1.) Then on May 3, 2022, Plaintiff submitted a proposed "amended complaint and/or supplemental pleadings" regarding events that occurred after November 27, 2021. *White/Newcomb II*, (Proposed Suppl. Compl., ECF No. 4.)

4

On preliminary review, the Court dismissed Plaintiff's claims against Defendants Corrigan and McLean and much of Plaintiff's complaint against Newcomb with prejudice. *White/Newcomb II*, (Order, ECF No. 6, PageID.178). The Court also denied Plaintiff leave to submit his proposed supplemental complaint because the claims raised therein were misjoined and because, as explained in more detail below, Plaintiff presented his claims in a manner that the Court had previously advised him to be improper. *White/Newcomb II*, (Op., ECF No. 5, PageID.157). Plaintiff's remaining claims against Defendant Newcomb were settled. *White/Newcomb II*, (Mediation Report, ECF No. 17; Order, ECF No. 18).

II.    Analysis

    A.    *Res Judicata*

Despite the fact that *White/Newcomb II* resolved Plaintiff's claims against Defendants Newcomb, Corrigan, and McLean from November 24, 2017, through November 27, 2021, *White/Newcomb II*, (Compl., ECF No. 1, PageID.5–15), Plaintiff now goes back many years to recount those claims against Defendant Newcomb again here.

*Res judicata*, or claim preclusion, provides that "a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). The elements of claim preclusion are: (1) a final decision on the merits in the prior action; (2) the present action is between the same parties or their privies as those to the prior action; (3) the claim in the present action were or should have been litigated in the prior action; and (4) an identity exists between the present and prior actions. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).

Here, Plaintiff's allegations against Defendants Newcomb, Corrigan, and McLean concerning events that took place prior to November 27, 2021, satisfy all four elements of *res*

5

*judicata*. Therefore, while Plaintiff is free to present the facts relating to those claims as background to his more recent claims, he cannot seek relief again on those claims. Accordingly, to the extent that Plaintiff seeks relief against Defendants Newcomb, Corrigan, and McLean concerning events prior to November 27, 2021, those claims would be properly dismissed as barred by *res judicata*.

    **B.**  **Failure to Comply with Federal Rules of Civil Procedure and Court Orders**

Moreover, with regard to all of Plaintiff's claims, the allegations from Plaintiff's proposed supplemental complaint in *White Newcomb II* are simply repeated in the complaint now before the Court. *Compare* (Compl., ECF No. 1), *with White/Newcomb II,* (Proposed Suppl. Compl., ECF No. 4). For the same reasons detailed by the Court in denying Plaintiff leave to file his proposed supplemental complaint, Plaintiff's complaint runs afoul of this Court's repeated orders and the Federal Rules of Civil Procedure and will be dismissed.

The Court has warned Plaintiff many times about the impropriety of filing complaints that disregard the Federal Rules of Civil Procedure regarding joinder. Specifically, in *White/Newcomb I*, the Court informed Plaintiff of the requirements for proper joinder. In that case, the Court dropped eight defendants as misjoined and dismissed Plaintiff's claims against them without prejudice. The Court cautioned Plaintiff that "he must limit all future actions to Defendants and claims that are transactionally related to one another." *White/Newcomb I,* (Op., ECF No. 3, PageID.127, n.2). The Court specifically advised Plaintiff that the Defendants who were dropped and the claims that were dismissed would not all properly be brought in a single action. *Id*.

Undaunted, Plaintiff commenced *White/Newcomb II* shortly thereafter. In that action, he joined many of the Defendants and claims that the Court had advised Plaintiff were not properly joined. Additionally, Plaintiff filed the proposed supplemental complaint, virtually identical, word-for-word, to Plaintiff's present complaint. *White/Newcomb II,* (ECF No. 4). In the proposed

6

supplemental complaint, Plaintiff sought leave to add new defendants and claims to *White/Newcomb II*.

In the Court's screening opinion, the Court specifically advised Plaintiff that his proposed amended/supplemental complaint included new allegations that were misjoined and, rather than stating facts, the proposed amended/supplemental complaint, like Plaintiff's initial complaint in *White/Newcomb II*, included pages of allegations that were "replete with legalese, citations to cases and statutes, citations to MDOC policies and grievances, and many purported legal conclusions . . . creat[ing] an unavoidable challenge for the reader to discern the facts alleged." *Id*., (Op., ECF No. 5, PageID.155). In light of these issues, the Court denied Plaintiff's request to file the proposed supplemental complaint in *White/Newcomb II*. *Id.,* (Op., ECF No. 5, PageID.157).

In the Court's screening opinion in *White/Newcomb II*, the Court also specifically advised Plaintiff that it might "summarily dismiss any action if he files a complaint—original, amended, or supplemental—in which he cites statutes or cases or otherwise fails to comply with the directions of the form complaint." *Id*. (PageID.157, n.1). Further, as part of the preliminary review of Plaintiff's claims in the initial *White Newcomb II* complaint, the Court determined that there was no transactional relationship between the various Defendants joined and claims raised. The Court reminded Plaintiff of the warning from *White/Newcomb I*: "Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another." *White/Newcomb II* (Op., ECF No. 5, PageID.164, n.3). The Court also advised Plaintiff that it might, "in its discretion and without further warning dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined." (*Id*.)

7

Despite these warnings, Plaintiff waited two and a half years and simply refiled the proposed supplemental complaint from *White/Newcomb II* as the complaint in this action. Although there are minor differences, the present complaint is virtually identical to the prior proposed supplemental complaint. Specifically, the present complaint again ignores the Court's cautions regarding joinder and pleading facts. It is, once again, replete with legalese, legal conclusions, citations to legal authority and discovery requests, and it is more an argument than a statement of facts. Plaintiff simply lumps the ten named Defendants together in a group and claims that they together colluded to do everything of which he complains. Moreover, Plaintiff again includes state law claims for violations of state criminal statutes, which the Court previously advised him failed to state a claim for relief.[2] Furthermore, Plaintiff once again brings official capacity claims against MDOC employees seeking damages even though the Court has previously advised Defendant that such claims are not viable.[3]

As summarized above, the Court has repeatedly warned Plaintiff about filing actions that fail to follow the Federal Rules of Civil Procedure regarding joinder and pleading standards. The Court has specifically advised Plaintiff that the failure to abide by those standards, and this Court's orders regarding the same, may result in dismissal. However, Plaintiff continues to disregard the Court's instructions and the Federal Rules of Civil Procedure.

---

[2] Plaintiff asks the Court to exercise supplemental jurisdiction over "Plaintiff's state law claims of stalking, MCL 600.2954(1); MCL 750.411h(1)(c)(d); MCL 750.411i; ethnic intimidation, MCL 750.147b; [and] forgery MCL 750.249(1) . . . ." (Compl., ECF No. 1, PageID.20, ¶ 4.) Plaintiff presented similar claims in *White/Newcomb I*. The Court dismissed all of Plaintiff's state statutory claims principally because the state criminal statutes did not create a private right of action; with regard to ethnic intimidation, the Court dismissed Plaintiff's claim because Plaintiff had failed to allege the physical contact or destruction of property necessary to state such a claim. *White/Newcomb I*, (Op., ECF No. 3, PageID.146–152.)

[3] Plaintiff presented official capacity claims for damages in *White/Newcomb I*. Those claims were dismissed on grounds of immunity. *White/Newcomb I*, (R&R, ECF No. 71, PageID.518; Op. & Order, ECF No. 79).

Where a Plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order, a district court can dismiss the case *sua sponte*. Fed. R. Civ. P. 41(b); *see also, e.g., Jourdon v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (noting that "Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal"). The Court concludes that Plaintiff's refiling of this complaint—essentially the same complaint the Court had previously advised Plaintiff was improperly pleaded—fails to comply with the Federal Rules of Civil Procedure and this Court's prior orders. The Court specifically finds that Plaintiff's failure to abide by the rules and this Court's orders is willful and that Plaintiff was warned that dismissal would follow future non-compliance. The Court has considered less drastic sanctions. Plaintiff has already filed three or more actions that are "strikes" under 28 U.S.C. § 1915(g). He is required to pay the filing fee in full before he may proceed with § 1983 actions in this Court. That deterrent to improper filings has not proven effective. Accordingly, pursuant to Fed. R. Civ. P. 41(b) the Court will dismiss Plaintiff's action without prejudice.

## **Conclusion**

Having conducted the review required by the PLRA, the Court will dismiss Plaintiff's complaint without prejudice under Federal Rule of Civil Procedure 41(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith. Because of that certification, should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

Additionally, because Plaintiff has already accrued three strikes under 28 U.S.C. § 1915(g), he must pay the entire filing fee with any notice of appeal.

A judgment consistent with this opinion will be entered.


Dated:   May 13, 2025                                  /s/ Robert J. Jonker
                                                                  Robert J. Jonker
                                                                  United States District Judge